IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REINALDO FANTAUZZI, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT RANDALL | : | NO. 10-2701 |
| BRITTON, ET AL., | : | |
|     Respondents. | : | |

## **EXPLANATION AND ORDER**

This Court previously entered an order (Doc. No. 3) directing the District Attorney of Northampton County to file an answer to the habeas petition in this matter and a memorandum of law with supporting exhibits pursuant to Rule 5 fol. 28 U.S.C. § 2254 on or before August 2, 2010 on behalf of Respondents. The District Attorney filed an answer to the petition and consolidated memorandum of law dated July 12, 2010 (Doc. No. 5) and appears to have submitted an otherwise identical answer dated July 14, 2010 but appending exhibits that were referred to but omitted (presumably inadvertently) from the original answer. (Doc. No. 6 (hereinafter "Ans.").)

In their submission, Respondents assert that "Petitioner's federal habeas petition should be dismissed for failing to exhaust the remedies available to him in the courts of the Commonwealth of Pennsylvania and for the untimely filing of said petition." (Ans. at 3.) Inasmuch as our preliminary review of this submission reveals Respondents' misapprehension of the authorities upon which they rely for these propositions, we provide the following explanation for our order that Respondents submit a further answer to the petition.

1

### 1. Failure to exhaust

Respondents first assert that Petitioner has not satisfied the requirement of the federal habeas statute to exhaust state court remedies before seeking federal relief. Respondents note that Petitioner pursued a direct appeal of his conviction in the Superior Court of Pennsylvania and also sought further review in the Supreme Court of Pennsylvania. They note, however, that on PCRA review, Petitioner did not seek state Supreme Court review of the Superior Court decision issued on January 13, 2010. (Ans. at 2-3.) This characterization of the procedural history matches that outlined by Petitioner in his petition. (Doc. No. 1 (hereinafter "Pet.") at 5-6.)

Respondents aver that not all of the grounds for relief asserted by Petitioner in this federal habeas petition were included in his direct appeal — the only appeal that reached the state Supreme Court — and that federal habeas relief is not available as to any claims raised only on PCRA review because of the fact that Petitioner did not seek state Supreme Court consideration on PCRA appeal. (Ans. at 4-5.) Specifically, Respondents contend:

> A habeas petitioner must petition the Supreme Court of Pennsylvania for allowance of appeal before he can claim to have exhausted state judicial remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728 (1999); see also Swartz v. Meyers, 204 F.3d 417, 422 (3d Cir. 2000).

(Ans. at 3.)

There is no question that the habeas statute provides that "[a]n applicant [for habeas relief] shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section [requiring exhaustion of available remedies before the federal court may grant habeas relief], if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Respondents' authorities interpreting the effect of

this rule and applying them in Pennsylvania, however, are outdated. The Third Circuit Court of Appeals addressed this issue at length several years ago in *Lambert v. Blackwell,* 387 F.3d 210 (3d Cir. 2004):

> The exhaustion doctrine "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 847, 119 S. Ct. 1728, 144 L. Ed.2d 1 (1999). And the Supreme Court has declined to interpret the "any available procedure" language of § 2254(c) to require "a state prisoner to invoke *any possible* avenue of state court review." *Id.* at 844, 119 S. Ct. 1728 (emphasis in original). Thus "state prisoners do not have to invoke extraordinary remedies when those remedies are alternatives to the standard review process and where the state courts have not provided relief through those remedies in the past." *Id.* (citing *Wilwording v. Swenson*, 404 U.S. 249, 249-50, 92 S. Ct. 407, 30 L. Ed.2d 418 (1971) (per curiam)). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." *Id.* (emphasis in original).

*Lambert*, 387 F.3d at 232. The *Lambert* court further noted that Justice Souter, in his concurring opinion, interpreted *O'Sullivan* to have:

> [left] open the possibility that a state prisoner is [ ] free to skip a procedure even when a state court has occasionally employed it to provide relief, so long as the State has identified the procedure as outside the standard review process and has plainly said that it need not be sought for the purpose of exhaustion. It is not obvious that either comity or precedent requires otherwise.

*Lambert*, 387 F.3d at 232 (quoting *O'Sullivan*, 526 U.S. at 850 (Souter, J., concurring) and referring also to *id.* at 861 (Stevens, J., dissenting) and *id.* at 864 (Breyer, J., dissenting)). Turning to the application of these principles in Pennsylvania, the *Lambert* court then observed:

> The Pennsylvania Supreme Court, apparently taking its cue from Justice Souter's concurrence, issued the following order on May 9, 2000:
>
> > [W]e hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil

3

> appeals. Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this court will be allowed only when there are special and important reasons therefor. Pa.R.A.P. 1114. Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief.
>
> In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been denied relief in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief. This Order shall be effective immediately.
>
> *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218"). Several Pennsylvania district courts have held that due to Order No. 218 a state prisoner need not petition the Pennsylvania Supreme Court for allocatur in order to exhaust state court remedies and seek habeas relief in federal court. [Citations omitted.] Other Circuits have reached similar conclusions with regard to comparable state supreme court rules. [Citations omitted.] We reserved judgment on this issue in *Wenger v. Frank*, 266 F.3d 218 (3d Cir. 2001) and *Villot v. Varner*, 373 F.3d 327, 338 n.14 (3d Cir. 2004). We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies under § 2254(c).

*Lambert*, 387 F.3d at 233. The *Lambert* court accordingly concluded that, in light of Order No. 218, "[c]onsequently, *petitioners need not seek review from the Pennsylvania Supreme Court* in order to give the Pennsylvania courts a "full opportunity to resolve any constitutional claims." *Lambert*, 387

F.3d at 233-34 (emphasis added). *See also id.* at 234 (concluding that petitioner in that case had exhausted her available state court remedies when she proceeded to file federal habeas petition rather than seek allowance of an appeal from the Pennsylvania Supreme Court of a December 2000 decision of the Superior Court).

Respondents' assertion that Petitioner's habeas petition should be dismissed due to his failure to have pursued his PCRA petition in the Pennsylvania Supreme Court is without merit. We will direct Respondents to file a further answer that considers the exhaustion question in light of the current authorities and addressing, as may be necessary, the merits of the claims raised by Petitioner under the standards set forth at 28 U.S.C. § 2254(d).[1]

**2.      Timeliness**

Respondents alternatively contend that Petitioner's petition must be dismissed in its entirety as untimely. (Ans. at 5.) Respondents assert that, "[u]nder the AEDPA, the law concerning the proper time period for filing a habeas petition is clear," and provide the text of 28 U.S.C. § 2244(d)(1)(A). (Ans. at 5.) Unfortunately, Respondents do not take into account the interplay of the other subsection of this statutory provision, which substantially impacts upon the clarity of their position.

Respondents correctly calculate that Petitioner's conviction became final on March 23, 2008. (Ans. at 5-6.) Pursuant to 28 U.S.C. § 2244(d)(1)(A), a one-year period of limitation applies to Petitioner's habeas petition, and the limitation period would begin to run on March 23, 2008. Respondents conclude that the period expired on March 23, 2009 and that, "[h]aving failed to file

---

[1] Respondents' answer suggested that they perceived at least some claims as having been exhausted in the state courts. *See* Ans. at 5 (referring to "Petitioner's claims relating to the trial court's admission of a photograph depicting Petitioner holding a firearm").

5

a habeas petition on or before March 23, 2009, Petitioner is now time barred from presenting the photograph evidence claims in his habeas petition." (Ans. at 6.)

Petitioner presented his petition to this Court on or about May 26, 2010. (Pet. at 11 (reflecting that he executed the petition, while in custody, on that date).) However, at the time he submitted his petition, the AEDPA limitations period had run for far less than a full year. This is because, pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." *Id.* (emphasis added).

Respondents' answer confirms, as set forth in Petitioner's petition, that Petitioner sought PCRA relief in the state court. (Ans. at 2. *See also* Pet. at 5-6.) In light of the fact that Petitioner received an evidentiary hearing in the PCRA Court, it strikes us as unlikely that the state court found his PCRA petition to have not been "properly filed." Moreover, a review of the docket sheets publicly available from the Northampton County Court of Common Pleas indicate that Petitioner's PCRA petition was filed well within the statute of limitations applicable to such petitions. *See Commonwealth of Pennsylvania v. Reinaldo Fantauzzi*, Court of Common Pleas of Northampton County, Criminal Docket at page 20 of 29, *avail. at* http://ujsportal.pacourts.us/DocketSheetsCPReport.aspx?docketNumber=CP-48-CR-0003898-2005 (viewed July 15, 2010) (reflecting filing of PCRA petition on Feb. 13, 2008). As Respondents are aware (*see* Ans. at 2), the Superior Court affirmed the denial of PCRA relief on January 13, 2010. Pursuant to Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, Petitioner then had thirty days to pursue relief in the state Supreme Court. Accordingly, what appears to be a "properly filed" "application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim" was "pending" until February 12, 2010. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000) (finding that application for state collateral review was "pending" in the state courts within the meaning of § 2244(d)(2) so as to toll the time period for seeking federal habeas review during the time between the Superior Court's decision and the deadline to seek review in the Pennsylvania Supreme Court, even if that request for allowance of appeal was not eventually filed). Pursuant to 28 U.S.C. § 2244(d)(2), therefore, Petitioner's federal limitations period began to run only subsequent to February 12, 2010, not as early as March 23, 2008, as Respondents contend.[2]

Respondents' assertion that Petitioner's habeas petition should be dismissed as untimely due to a failure to have pursued habeas relief before March 23, 2009 is without merit. We will direct Respondents to file a further answer that considers the timeliness question in light of the statutory provisions we have identified and addressing, as may be necessary, the merits of the claims raised by Petitioner under the standards set forth at 28 U.S.C. § 2254(d).

---

[2] As Petitioner appears to have initiated his state post-conviction review even before his conviction became final following the passage of the 90-day period in which he could have sought certiorari in the United States Supreme Court, he did not expend any of the 365 days of his AEDPA limitations period until after the conclusion of the PCRA proceedings.

AND NOW, this    16th    day of July, 2010, for the reasons set forth in the foregoing explanation, **IT IS ORDERED** that the District Attorney of Northampton County **SHALL FILE** on or before August 13, 2010 a Supplemental Answer and memorandum of law with supporting exhibits pursuant to Rule 5 fol. 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that Petitioner need not file a reply to the answer filed by Respondents on July 12, 2010 but that he may file any reply he may wish to make within thirty (30) days after service of the Supplemental Answer.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE