IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REINALDO FANTAUZZI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RANDALL BRITTON, et al. | : | NO. 10-2701 |

ORDER

AND NOW, this 5th day of December, 2011, upon consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the respondents' answer and amended answers thereto, the petitioner's objections to the Report and Recommendation, and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (Docket No. 12), IT IS HEREBY ORDERED that:

      1. The Report and Recommendation is APPROVED and ADOPTED;

      2. The petitioner's objections are OVERRULED;

      3. The Petition for Writ of Habeas Corpus is DISMISSED and DENIED; and

      4. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

      5. The Clerk of Court shall mark this case closed for statistical purposes.

IT IS FURTHER ORDERED that, upon consideration of the petitioner's Motion for Limited Discovery (Docket No. 13), the motion is DENIED.

The Court discusses below only objections that were not addressed in the Report and Recommendation. To the extent the petitioner's objections merely rehash arguments in his habeas petition, the Court adopts the Report and Recommendation.

1. Fantauzzi objects that he is not at fault for failing to develop the factual basis for his Brady claim based on the criminal records of eyewitnesses because the Commonwealth has exclusive control over the information. Obj. at 3. Accordingly, Fantauzzi moves for limited discovery of the criminal records of the two eyewitnesses, Milagros Fantauzzi[1] and Ricardo Ferrer-Rios.

Even if Milagros Fantauzzi and Ferrer-Rios had criminal records when they testified, and even if the Commonwealth suppressed the criminal records, however, Fantauzzi's Brady claim still fails because he has not demonstrated prejudice.

This is not a case where the prosecution's eyewitnesses have testified in a manner entirely adverse to the defendant. In this case, Milagros Fantauzzi and Ferrer-Rios testified at trial

---

[1] Milagros Fantauzzi has no relation to the petitioner. The Court will refer to this witness by her full name to avoid confusion.

that their prior identifications of Fantauzzi as the shooter were mistaken.  Although their pre-trial written statements were unfavorable to Fantauzzi, their trial testimony was not.  Thus, as a preliminary matter, it is not clear that any criminal records of the eyewitnesses would even be "favorable" to the petitioner under Strickler v. Greene.  527 U.S. 263, 281-82 (1999).

>    Nevertheless, the Court need not decide whether the criminal records would be favorable because Fantauzzi has not shown that they could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict, as required under Strickler.  527 U.S. at 290.  Both eyewitnesses already changed their testimony once from pre-trial to trial.  The effect of further impeachment of their character for truth-telling is unclear at best, and could potentially even be detrimental to Fantauzzi's defense.  Thus, Fantauzzi has failed to demonstrate prejudice from any withholding of potential criminal records.

>    2.   The Report and Recommendation concludes that the prosecutor's comments during closing argument regarding the children of Milagros Fantauzzi and Ricardo Ferrer-Rios were not so improper as to constitute misconduct that violated due

process. R&R at 24-26. Fantauzzi objects, citing <u>United States v. Price</u>, 346 F. App'x 796, 804 (3d Cir. 2009).

<u>Price</u> is not dispositive. The <u>Price</u> court stated that the prosecutor improperly asked the jury to assume that people from housing projects are not to be trusted because they live in fear of retribution. <u>Id</u>. at 804. There was no factual basis for the inference in that case. By contrast, in this case, as Magistrate Judge Strawbridge recognized, the prosecutor's arguments were supported by evidence that had been presented. <u>See</u> R&R at 26-27. The prosecutor in this case was not improperly inviting the jury to make determinations about the witnesses' truthfulness based on bare assumptions.

3. Petitioner Fantauzzi objects to the Report and Recommendation's conclusions regarding two of his ineffective assistance of counsel claims: (1) that trial counsel was ineffective for failing to review with the petitioner a photograph that showed Fantauzzi holding a pistol and (2) that counsel was ineffective for cross-examining Detective DiLuzio regarding the veracity of Milagros Fantauzzi and Ferrer-Rios. <u>See</u> Obj. at 4-6.

a.   Failure to Review the Photograph

Fantauzzi objects that had his trial counsel investigated the photograph when she received it in discovery, she might have been able to show that the guns were not the same and, hence, exclude the photograph for lack of relevance.[2] Fantauzzi claims that counsel's failure to timely investigate in advance of trial constituted ineffective assistance of counsel. See Obj. at 4-6.

There is some law to support Fantauzzi's argument that counsel's performance was deficient.  Under Strickland v. Washington, "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  466 U.S. 668, 691 (1984).  In United States v. Baynes, the sole evidence introduced against the defendant was a tape recording of an intercepted telephone conversation which allegedly contained the defendant's voice.  687 F.2d 659 (3d Cir. 1982), abrogated on other grounds by Strickland v. Washington, 466 U.S. 668 (1984).[3]  The attorney

---

[2] The record reflects that the attorney reviewed the photo with Fantauzzi at trial during the recess provided by the judge. N.T. 7/11/06 at 99.

[3] The Baynes court ultimately applied a standard for prejudice that is now invalid in light of Strickland v. Washington. See 687 F.2d at 669.  However, Strickland did not appear to disturb the Baynes court's determination on the issue of whether counsel's performance was deficient.  Cf. Morrison v. Kimmelman, 752 F.2d 918, 922-23 (3d Cir. 1985) (noting that Baynes applied a now-invalid standard for determining prejudice).

in Baynes did not listen to an exemplar of the defendant's voice and compare it with the government's proffered recording or otherwise explore the viability of that avenue of defense. The Third Circuit found that the attorney's performance in failing to investigate was deficient. Id. at 666-69.

Because Fantauzzi's trial attorney failed to investigate the photograph prior to trial, the Court declines to adopt the Report and Recommendation's conclusion that the state court's determination that the attorney adequately prepared for trial was a reasonable application of Strickland. However, the Court need not and does not opine on the reasonableness of the trial counsel's performance in this case because Fantauzzi has not shown prejudice, as required under Strickland.

After reviewing the photograph during the recess at trial, Fantauzzi's counsel conducted a vigorous cross-examination of the prosecution's witness, Corporal Durff, who testified about the gun in the photograph. Fantauzzi's counsel forced the prosecution's witness to admit that he could not tell for sure whether the photographed gun was, in fact, the same gun used in the shooting, and that he did not know when the photograph was taken. N.T. 7/11/06 at 103-06. In other words, the petitioner has not shown a reasonable probability that the outcome would have been any different.

        b.    <u>Cross-Examination of Detective DiLuzio</u>

Fantauzzi objects that the Report and Recommendation failed to address his claim that counsel was ineffective for eliciting opinions from Detective DiLuzio on cross-examination regarding the veracity of Milagros Fantauzzi and Ferrer-Rios, the two eyewitnesses who recanted their earlier identification of the petitioner as the shooter. Obj. at 9-10; <u>see also</u> N.T. 7/12/06 at 67-69, 73-74 (cross-examination of Detective DiLuzio).

Although the Report and Recommendation did not address this claim, the Court denies it as without merit. The Superior Court found that Fantauzzi failed to demonstrate prejudice from the attorney's line of questioning. <u>See</u> PCRA Appeal Decision at 8-11. Fantauzzi argues that counsel's strategy of painting the two eyewitnesses as liars was unwise because their testimony at trial was favorable to him. However, "[j]udicial scrutiny of counsel's performance must be highly deferential." <u>Strickland</u>, 466 U.S. at 689. Fantauzzi provides no support for his conclusion that he was severely prejudiced and has not demonstrated that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law on ineffective assistance of counsel claims. 28 U.S.C. § 2254(d)(1); <u>see also</u> <u>Harrington v. Richter</u>, 131 S. Ct. 770 (2011) ("For purposes of § 2254(d)(1), an <u>unreasonable</u> application of federal law is different from an <u>incorrect</u>

application of federal law.") (internal quotation marks and citation omitted).

Accordingly, the Court overrules the petitioner's objections and approves and adopts the Report and Recommendation as outlined herein.  Fantauzzi's petition for a writ of habeas corpus is therefore dismissed and denied.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.